MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for Plaintiff,
Peachtree Pilot Supply, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEACHTREE PILOT SUPPLY, LLC, a Georgia limited liability company, | Civil Case No. 2:20-cv-09767 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF, TORTIOUS INTERFERENCE, TRADE LIBEL AND UNFAIR COMPETITION** |
| v. | |
| ADVANCED PURIFICATION ENGINEERING CORPORATION, a California corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

\\

\\

Plaintiff Peachtree Pilot Supply LLC, by and through its counsel, alleges for its complaint against defendant ADVANCED PURIFICATION ENGINEERING CORPORATION as follows:

## NATURE OF THE ACTION

1.     This action arises under the laws of the United States, the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and various state causes of action for which this Court has supplemental jurisdiction.

## THE PARTIES

2.     Plaintiff Peachtree Pilot Supply LLC is a Georgia limited liability company ("Peachtree" or "Plaintiff") with a principle place of business at 1127 N. Peachtree Pky, Unit 105, Peachtree City, Georgia 30269.

3.     On information and belief, defendant ADVANCED PURIFICATION ENGINEERING CORPORATION ("APEC" or "Defendant") is a California corporation doing business as APEC Water Systems with a principal place of business at 1320 S. Johnson Drive, City of Industry, CA 91745.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this lawsuit, pursuant to 28 U.S.C. §§ 2201 and 1338, because an actual case or controversy exists and the action arises under the trademark laws of the United States and supplemental jurisdiction over any and all state causes of action under 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over Defendant because Defendant, on information and belief, resides in and conducts business in the Central District of California.

6.     This Court also has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1), because it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

7.      Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(1) because, on information and belief, Defendant resides and conducts business in the Central District of California.  Moreover, a substantial part of the events or omissions giving rise to plaintiff's claim occurred in this district and Defendant have significant contacts with the district.

## FACTS

### Plaintiff's Business

8.      Peachtree is and was at all relevant times engaged in the business of selling a variety of goods including food grade lubricant compound.

9.      Specifically, Peachtree sold a food grade lubricant compound manufactured by a third-party, the Dow Corning Corporation, under the trademark MOLYKOTE®.

10.      The MOLYKOTE® trademark is a registered trademark owned by the Dow Corning Corporation.  A true and correct copy of the United States Patent and Trademark Office's (USPTO) information webpage indicating that U.S. Trademark Registration No. 0576377 for MOLYKOTE has been assigned to the Dow Corning Corporation is attached hereto as Exhibit 1.

### Defendant' Wrongful Conduct

11.      On or information and belief, defendant is the registrant of U.S. Trademark Registration No. 4,410,172 for APEC WATER.

12.      On or about July 11, 2018, Peachtree received a notice of Defendant's claim of infringement which had been submitted to Amazon that Amazon forwarded to Peachtree.  Defendant falsely claimed infringement of the APEC WATER trademark by Peachtree.  On or about October 2, 2018, Peachtree received an additional false claim that Peachtree's products were counterfeits of authentic MOLYKOTE products.  Peachtree responded to APEC and Amazon and requested that APEC retract the fraudulent trademark infringement and counterfeiting allegations or, alternately, provide documentation to substantiate

the basis of its claims. Peachtree also provided information and documentation to Amazon in response (and as an appeal) to contradict APEC's false claims.

13.     Nevertheless, on October 29, 2018, as a result of Defendant's actions including, but not limited to, its false claims of infringement and counterfeiting, Amazon removed Peachtree's "selling privileges" and plaintiff was not able to sell products on Amazon.

14.     On information and belief, Defendant willfully and knowingly submitted the notices against plaintiff despite knowing the notices were and are invalid/false. Instead, Defendant intended to interfere with plaintiff's business and block plaintiff from receiving revenue and divert the revenue to Defendant.

## FIRST CLAIM FOR RELIEF

## (Declaratory Relief of Trademark Non-Infringement and Non-Counterfeiting)

15.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 14 of the complaint as though fully set forth herein.

16.     There is an actual, substantial, and continuing justiciable controversy between plaintiff and defendant with regard to plaintiff's federally registered APEC WATER trademark and the Dow Corning Corporation's federally registered MOLYKOTE trademark.

17.     Plaintiff did not infringe the APEC WATER trademark and did not sell counterfeits of the MOLYYOTE trademark.

18.     Defendant's statements, claims and representations made to Amazon.com that the APEC WATER trademark had been infringed and that Peachtree made counterfeit use of the MOLYKOTE trademark were false.

19.     Plaintiff has been and will be damaged by defendant's false assertions of trademark infringement and counterfeiting. Plaintiff has no adequate remedy at law.

20.     Plaintiff seeks a declaratory judgment from this Court that plaintiff

does not infringe Defendant's APEC WATER trademark and does not sell counterfeit products marked with MOLYKOTE.

## SECOND CLAIM FOR RELIEF

### (Tortious Interference with Existing and Prospective Economic Advantage)

21.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 20 of the complaint as though fully set forth herein.

22.     Peachtree had and has valid business expectancies with Amazon, customers and prospective customers of its products and services.  Plaintiff had a reasonable probability of realizing financial benefit from those customers and prospective customers.

23.     Defendant was aware of Peachtree's business expectancies with Amazon, customers and prospective customers.

24.     Defendant committed intentional acts, omissions and misrepresentations to disrupt the economic relationships between Peachtree and Amazon, customers and prospective customers.  All of the foregoing actions by Defendant were undertaken with the intention of causing third-parties to do business with Defendant rather than with Peachtree, to induce said customers and prospective customers to purchase products from Defendant instead of Plaintiff, thereby depriving Plaintiff of the profits and other benefits to be derived from consumption of its falsely accused products, and otherwise causing injury to Plaintiff and its business.

25.     At the time Defendant made these knowingly material misrepresentations and continued to maintain false and baseless claims of infringement, they knew or should have known the statements were false and the actions groundless because Defendant did not have any trademark rights in the MOLYKOTE trademark owned by the Dow Corning Corporation, Peachtree does not infringe the APEC WATER trademark and Peachtree does not sell counterfeit

MOLYKOTE products.

26.    By submitting false and misleading trademark complaints to Amazon with baseless claims of trademark infringement, Defendant intentionally disrupted Plaintiff's established, economic business relationship and prospective business relationships and advantage. Defendant's misrepresentations were intended to discourage Amazon, and existing and prospective customers from buying Plaintiff's products, causing business reputational and economic harm to Plaintiff.

27.    Plaintiff will continue to suffer damages as a result of Defendant's unlawful actions unless they, their officers, agents, servants, employees, attorneys and all persons acting in concert with Defendant are permanently enjoined from continuing such actions and appropriate corrective advertising is awarded.

28.    Defendant's acts as set forth herein constitute tortious interference, all to the damage of plaintiff as previously alleged.  Moreover, Defendant's conduct is and has been willful, wanton, malicious, oppressive, and in conscious disregard of Plaintiff's rights, justifying the imposition of punitive and exemplary damages under California Civil Code §3294.

### THIRD CLAIM FOR RELIEF
### (Unfair Competition – 15 U.S.C. § 1125(a))

29.   Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 28 of the complaint as though fully set forth herein.

30.   Defendant's false claims regarding the APEC WATER trademark and the MOLYKOTE trademark constitute unfair competition in violation of 15 U.S.C. § 1125(a).

31.   Plaintiff will suffer, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law. Peachtree has been damaged by the acts of Defendant in an amount, currently unknown, to be proved at trial, and Peachtree requests the relief set forth in the

Prayer for Relief below.

32.   Defendant's acts and conduct complained of herein render this case "exceptional" per 15 U.S.C. §1117.

## FOURTH CLAIM FOR RELIEF

### (State Law Unfair Competition – Cal. Bus. & Prof. Code §17200)

33.   Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 32 of the complaint as though fully set forth herein.

34.   Defendant' false claims regarding Peachtree's products diverted revenues from Plaintiff to the Defendant.

35.   Defendant's acts as set forth herein constitute unfair competition as defined in California Business and Professions Code § 17200, *et seq.*, all to the damage of plaintiff as previously alleged.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

36.   Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 35 of the complaint as though fully set forth herein.

37.   Defendant's acts as set forth herein constitute unfair competition as defined by California common law, all to the damage of plaintiff as previously alleged.

## SIXTH CLAIM FOR RELIEF

### (Trade Libel)

38.   Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 37 of the complaint as though fully set forth herein.

39.   Plaintiff's products previously enjoyed a good reputation in the

community. Those products were disparaged by Defendant's false assertions of trademark infringement and counterfeiting as stated herein when defendant knew that no trademark infringement or counterfeiting had occurred. Thus, such knowingly material misrepresentations were in bad faith.

40.   Defendant's assertions were published willfully, without justification, and without privilege to at least one third party through written and verbal communications.

41.   Defendant made these statements with knowledge of the statements' falsity or with reckless disregard of the statements' truth or falsity.

42.   A reasonable person would have foreseen that, under the circumstances, Defendant's statements would harm Plaintiff and damage its relationships with Amazon.com, existing and prospective customers, and Plaintiff made these statements with the purpose of inducing Amazon.com, existing and prospective customers of Plaintiff to refrain from hosting, distributing, and purchasing, Plaintiff's products and doing business with Plaintiff

43.   Defendant's false and disparaging statements directly and proximately caused Amazon.com, existing and prospective customers of Plaintiff to cease conducting business with Plaintiff, including not to list, host, distribute, or purchase plaintiff's products, and Plaintiff has thereby suffered damages in an amount to be proven at trial.

44.   Defendant's baseless takedown notices were issued in bad faith.

45.   Money damages will not make Plaintiff whole for the injury occasioned by these continuing statements. Unless enjoined by this Court, these false and damaging statements will continue.

46.   Defendant's conduct is and has been willful, wanton, malicious, oppressive, and in conscious disregard of Peachtree's rights, justifying the

imposition of punitive and exemplary damages under California Civil Code §3294.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court grant judgment against defendant for the following:

A.     Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be enjoined from:

      i.     Falsely submitting notices to Amazon, or otherwise making public statements, regarding counterfeiting or infringing defendant's trademark(s) or the Dow Corning Corporation's MOLYKOTE trademark;

     ii.     conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) above.

B.     Defendant shall file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant have complied with the provisions of subparagraph (A) above.

C.     Defendant disgorge all profits it has received as a result of its unlawful actions described above;

D.     Plaintiff recover all damages it has sustained;

E.     Plaintiff is awarded their reasonable attorneys' fees for prosecuting this action per 15 U.S.C. §1117;

F.     Plaintiff be awarded punitive damages;

G.     Plaintiff recovers its costs of this action and pre-judgment and post-

judgment interest, to the full extent allowed by law; and,

H.     Plaintiff receives all other relief the Court deems appropriate.


                              Respectfully submitted,

                              MANDOUR & ASSOCIATES, APC

Dated: <u>October 23, 2020</u>



                              <u>       /s/ Ben T. Lila                    </u>
                              Ben T. Lila (SBN 246808)
                              Email: blila@mandourlaw.com
                              Attorneys for Plaintiff,
                              Peachtree Pilot Supply, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by the jury on their claims herein and all issues and claims so triable in this action.

Respectfully submitted,

MANDOUR & ASSOCIATES, APC

Dated: <u>October 23, 2020</u>

<u>        /s/ Ben T. Lila        </u>
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Plaintiff,
Peachtree Pilot Supply, LLC

**EXHIBIT 1**

TSDR   ASSIGN Status   TTAB Status   ( Use the "Back" button of the Internet Browser to return to TESS)

## Typed Drawing

| | |
|---|---|
| Word Mark | MOLYKOTE |
| Goods and Services | IC 004. US 015. G & S: LUBRICANTS CONTAINING MOLYBDENUM-DISULFIDE, PARTICULARLY GREASES, OILS, POWDERS AND DISPERSIONS IN OILS AND SOLVENTS. FIRST USE: 19480000. FIRST USE IN COMMERCE: 19480000 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 71633292 |
| Filing Date | July 31, 1962 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Registration Number | 0575377 |
| Registration Date | June 23, 1953 |
| Owner | (REGISTRANT) ALPHA CORPORATION, THE CORPORATION CONNECTICUT 179 HAMILTON AVENUE GREENWICH CONNECTICUT |
| | (LAST LISTED OWNER) DOW CORNING CORPORATION CORPORATION ASSIGNEE OF MICHIGAN 2200 WEST SALZBURG ROAD MIDLAND MICHIGAN 486860994 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Ronald E. Shapiro |
| Prior Registrations | 0526662 |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECTION 8(10-YR) 20131228. |
| Renewal | 4TH RENEWAL 20131228 |
| Live/Dead Indicator | LIVE |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY